defendants is correct. The decree is affirmed in all things, except as to the amount thereof, which is reduced from $134.40 to $115.07, with interest from the 1st of November, 1871, and subject to all just·setoffs of Smith & Brother against the petitioner, not more properly applicable to the rent which fell due after the bankruptcy.

---

## Case No. 18,111.

### WYLIE v. The SUNLIGHT.

[See Case No. 2,368.]

---

## Case No. 18,112.

### In re WYLLIE.

[2 Hughes, 449;[1] 5 Am. Law T. Rep. U. S. Cts. 330.]

District Court, W. D. Virginia.    Sept., 1872.

AMENDATORY BANKRUPT ACT — CONSTRUCTION — HOMESTEAD AND EXEMPTIONS.

1. The amendatory bankrupt act of June 8th, 1872 [17 Stat. 334], does not purport to embrace the homestead in the terms employed by the constitution, so as to make it good against debts "heretofore contracted," which it is conceded congress might have done if it had chosen.

2. The reference to "state exemption laws" confines the inquiry under this act to exemptions under state laws as interpreted and settled by the adjudication of its highest court, and precludes the court of bankruptcy from contravening that adjudication whenever made.

3. The homestead exemption exists only against debts contracted after the constitution took effect, and is by its terms subject to mortgages, deeds of trust, pledge or other security (including liens) thereon, notwithstanding the saving in the second section of the eleventh article.

[Cited in Re Vogler, Case No. 16,986; Re Kean, Id. 7,630; Re Smith, Id. 12,986.]

4. The act of June 8th, 1872, is not retroactive, but as a remedial act its benefits should be extended to all pending cases where the effects of the bankrupt are undisputed and it can be done without prejudice to vested interests.

5. The paramount duty of the court of bankruptcy to provide for the liquidation of liens forbids it to turn over the subject to another tribunal for litigation or adjustment, but requires it to abstract from the homestead provision the amount of liens rightfully attaching thereto.

In bankruptcy. This case was heard in conjunction with several others, involving the question of homestead.

E. Barksdale, C. E. Dabney, T. S. Flournoy, E. Barksdale, Jr., and Robert Johnson, for petitioners.

H. Robertson, B. Green, J. M. Whittle, William Daniel, N. Green, and W. W. Henry, for defendants.

RIVES, District Judge. These cases are now heard on the petition of bankrupts to be allowed the homestead exemption of the state

---

[1] [Reported by Hon. Robert W. Hughes, District Judge, and here reprinted by permission.]

under act of congress of June 8th, 1872. The first of these petitioners was adjudicated a bankrupt on the 29th day·of June last; had listed real estate valued at $3000, unincumbered, except by a judgment of about $300, but no personal property of which he could claim a homestead. His debts are mostly anterior to July, 1868, and it is admitted that those before that date are more than sufficient to absorb the .assets. His estate is about to be sold, and he asks to be allowed this $2000 exemption out of the proceeds of sale in the hands of his assignees, and claims that it should be free of the lien of the judgments aforesaid. The second petitioner, Jerre White, was adjudicated a bankrupt on 26th August, 1871. He alleges in his petition that, before filing his petition in bankruptcy he filed his "homestead deed," in·compliance with the act of assembly, but that the same was held to be void by the state court; that his lands have been sold by his assignee, and he became the purchaser of the "home tract," but has not paid for the same. He therefore prays that he may be allowed out of the money to be received by his assignee $2000 as and for a homestead provision, to be settled on his wife and children. It is admitted that his debts were contracted previously to July, 1869. [As the questions involved in these cases concerned many other suitors in this court besides the immediate parties, I deemed it proper to invite discussion from the members of the bar, who might be pleased to assist and enlighten me by their arguments, though they might not be directly interested in these particular cases. My invitation was courteously acceded to, and for two days I have been closely occupied by able and discursive arguments, presenting the questions I am to decide in every aspect ingenuity could lend them. I should be loth to decide these cases amid the pressure of other business at this court if my studies had not given me some familiarity with the topics discussed, and if I did not feel the pressing necessity of composing the public anxiety on this subject.][2]

I am called for the first time to give my opinion on the subject of these petitions. To determine the question thus raised it is necessary to ascertain the effect of the amendatory act of June 8th, 1872. It is brief. It merely substitutes one date for another in the first proviso, in section 14 of the general act, so that this proviso now reads as follows: "And such other property not included in the foregoing exceptions as is exempted from levy and sale upon execution, or other process, or order of any court, by the laws of the state in which the bankrupt had his domicil at the time of the commencement of the proceedings in bankruptcy, to an amount not exceeding that allowed by such state exemption laws in force in the year 1871." The date prescribed for these state exemption

---

[2] [From 5 Am. Law T. Rep. U. S. Cts. 330.]